

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ADRIENNE HOPE STUCKEY-BEAN,

Plaintiff,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. ED CV 13-1103-JCG

**MEMORANDUM OPINION AND ORDER**

Adrienne Hope Stuckey-Bean ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinion of her treating physician, Dr. William L. Wilson. (*See* Joint Stip. at 4-8, 15-16.) The Court agrees with Plaintiff for the reasons stated below.

A. <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex. rel. Benton v. Barnhart*,

331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

B. <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Wilson's Treating Opinion</u>

Here, the ALJ provided four reasons for rejecting Dr. Wilson's treating opinion. (*See* Administrative Record ("AR") 42.) The Court addresses, and rejects, them below.

First, to the extent the ALJ rejected Dr. Wilson's opinion for "insufficient objective support," (*id.*), his assessment is impermissibly broad and conclusory, and "does not achieve the level of specificity" required to reject the opinion of a treating physician. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) ("Merely to state that a medical opinion is not supported by enough objective findings does not achieve the level of specificity our prior cases have required . . .") (internal quotation marks and citation omitted).

Moreover, Dr. Wilson's opinion *does* appear to have objective support. He performed monthly physical exams on Plaintiff over a three-year period. (AR at 279-97, 396-435.) He diagnosed her with failed back surgery syndrome and lumbosacral radiculopathy. (*Id.* at 273, 408.) As a result of Plaintiff's extreme pain symptoms, Dr. Wilson surgically implanted a spinal cord stimulator. (*Id.* at 289.) He also

performed a lumbar medial branch neurotomy and medial branch blocks of the right L3, L2, and L1 vertebrae. (*Id.* at 404, 409.) Additionally Dr. Wilson documented Plaintiff's "progressive problem" with "balance and ambulation" and daytime somnolence due to medication. (*Id.* at 400, 412.) Accordingly, the ALJ's first reason for rejecting Dr. Wilson's is belied by the evidence.

Second, the ALJ did not give Dr. Wilson's opinion controlling weight because "he was hired for the purpose of examining [Plaintiff] with respect to her workers' compensation claim[,]" and his opinion was an "accommodation to Plaintiff." (*Id.* at 43.) However, "in the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *Lester*, 81 F.3d at 832; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 n. 5 (9th Cir. 2004) (rejecting claimant's contention that physician was biased because he was hired by workers' compensation insurance company). As such, this reason is insufficient.

Third, the ALJ noted that Dr. Wilson's opinion was presented via a "checkbox style form" that included "only conclusions regarding functional limitations without any [supporting] rationale." (AR at 43.) But to reject a treating physician's opinion as conclusory, the ALJ must also determine that the opinion is unsupported by the record. *See Batson*, 359 F.3d at 1195 (an ALJ may reject treating opinions that are "conclusory, brief, *and* unsupported" (emphasis added)). As discussed above, Dr. Wilson's opinions are not without support, and thus they cannot be rejected as conclusory.

Fourth, the ALJ's observation that Plaintiff went through periods of improvement does not provide a clear and convincing reason for disregarding Dr. Wilson's opinion. *See Lester*, 81 F.3d at 833 ("Occasional symptom-free periods-and even the sporadic ability to work-are not inconsistent with disability."); *Rhodes v. Schweiker*, 660 F.2d 722, 723 (9th Cir. 1981) (ALJ improperly rejected treating

physician's opinion due to physician's report that claimant's condition had improved). Moreover, Dr. Wilson documented a pattern of improvement followed by increased pain, as well as a series of falls that exacerbated Plaintiff's symptoms. (*See* AR at 279-97, 396-435.) As such, this reason is unsupported by the record.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinion of Dr. Wilson. The Court thus determines that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of Plaintiff's treating physician must be properly assessed. Therefore, on remand, the ALJ shall reevaluate the opinion of Dr. Wilson and either credit it as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this

decision.[1]

Dated: **March 24, 2014**

Hon. Jay C. Gandhi
United States Magistrate Judge

[1] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 16-21, 27-28.)